Kathryn Johnson Finn (#19150)
Law Office of Kathryn L. Johnson, PLLC
425 W. Paseo Redondo, Suite 2
Tucson, AZ 85701
(520) 743-2257; (520) 743-2231 facsimile
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>ARICA R. REDONDO and,<br>ARNULFO REDONDO MEZA,<br><br><br><br>Debtors.<br><br>ARICA R. REDONDO and<br>ARNULFO REDONDO MEZA,<br><br>Movants,<br><br>v.<br><br>CYNTHIA MENDEZ,<br><br>Respondent. | In Proceedings Under Chapter 7<br><br>Case No. 4:19-BK-08274-SHG<br><br>MOTION FOR SANCTIONS<br>AND CONTEMPT FOR<br>VIOLATION OF<br>AUTOMATIC STAY |

Debtors, ARICA R. REDONDO and ARNULFO REDONDO MEZA, by and through undersigned counsel, hereby move for contempt and sanctions against CYNTHIA MENDEZ for multiple violations of the automatic stay. The grounds for this Motion are set forth below:

1. Debtors filed an emergency Chapter 7 case on July 3, 2019.

2. On July 3, 2019, CYNTHIA MENDEZ was notified via email and regular mail of the bankruptcy filing. (See Exhibit 1.)

3. Prior to the bankruptcy filing, CYNTHIA MENDEZ had served a 30-day notice on Debtors, attempting to terminate Debtors' lease effective July 5, 2019. However, CYNTHIA MENDEZ had not filed an eviction action prior to Debtors' bankruptcy filing and

1

she did not have an eviction judgment.

4. After filing the bankruptcy on July 3, 2019, at approximately 6:30 a.m. on Saturday, July 6, CYNTHIA MENDEZ put a note on Debtors' door stating, "LOCKSMITH will be here in 30 min! Thanks @ 7:00 a.m." (See Exhibit 2.)

5. Counsel undersigned emailed CYNTHIA MENDEZ on July 6, 2019 advising her that she could not evict Debtors without a Bankruptcy Court order lifting the automatic stay. (See Exhibit 3.)

6. In light of the imminent threat by the landlord to change the locks, Debtor ARICA REDONDO endured significant emotional distress on July 6, 2019 having to call 9-1-1 to insure that her landlord could not change her locks and evict her on the spot.

7. Despite notice of the bankruptcy, on July 8, 2019, CYNTHIA MENDEZ filed an eviction lawsuit in Pima County Justice Court. (See Exhibit 4.) She served it on Debtor by email and by posting it on Debtors' door on July 9, 2019. As an attachment to that lawsuit, she admits that "on July 3rd, 2019, Defendant filed bk and will not vacate premises..." (Exhibit 4, p. 5.)

8. Counsel undersigned once again advised CYNTHIA MENDEZ on July 10, 2019 that she was in violation of the automatic stay by filing the lawsuit. (See Exhibit 5.) Counsel undersigned once again advised her to seek the advice of bankruptcy counsel.

9. On July 10, 2019, counsel undersigned filed a Notice of Filing Bankruptcy in the Pima County Justice Court case. (See Exhibit 6.)

10. On July 11, 2019, counsel undersigned filed a Limited Notice of Appearance in the Pima County Justice Court. (See Exhibit 7.) Counsel undersigned advised the Court of the bankruptcy filing.

11. The hearing on the eviction lawsuit in Pima County Justice Court occurred on July 15, 2019. Despite the Court having notice of the bankruptcy, the Justice Court judge advised the Debtor (who appeared pro per) that "the bankruptcy has nothing to do with this matter" and proceeded to conduct the trial. After hearing evidence, the Justice Court judge dismissed the lawsuit finding that Debtors had a lease until October, 2019. (See minute entry,

2

Exhibit 8.)

12. On July 16, 2019, Debtors found out that CYNTHIA MENDEZ changed the utilities out of Debtor's name and into her name. Debtors are undergoing significant emotional distress as a result.

13. On July 19, 2019, CYNTHIA MENDEZ served Debtor via email and by posting on her door a notice to pay rent. (See Exhibit 9.) This is another violation of the bankruptcy stay. Once again, counsel undersigned emailed and mailed a letter to CYNTHIA MENDEZ that she was violating the automatic stay and to seek the advice of bankruptcy counsel. (See Exhibit 10.)

14. Debtors anticipate that unless the Bankruptcy Court expedites a hearing on this matter that CYNTHIA MENDEZ will once again attempt to evict Debtor without lifting the automatic stay with this Court.

15. Since the filing of the bankruptcy petition, on at least five separate occasions, CYNTHIA MENDEZ has intentionally and willfully violated the automatic stay despite numerous communications from counsel undersigned.

## CYNTHIA MENDEZ HAS REPEATEDLY VIOLATED THE AUTOMATIC STAY.

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of collection and enforcement actions. 11 U.S.C. § 362(a). The purpose of the automatic stay is to provide debtors with "protection against hungry creditors" and to assure creditors that the debtor's other creditors are not "racing to various courthouses to pursue independent remedies to drain the debtor's assets." In re Tippett, 54,2 F.3d 684 (9th Cir.2008) (citing Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755-56 (9th Cir.1995)); see also In re Johnston, 32,1 B.R. 262 (D.Ariz. 2005).

The automatic stay imposes an affirmative duty (on creditors) to discontinue post-petition collection actions. Eskanos & Adler, P.C. v. Leetien (9th Cir. 2002) 309 F.3d 1210, 1216. The Court shall award actual damages, including costs and attorney's fees, to any individual injured by a willful violation of the automatic stay. In addition, in appropriate

3

circumstances, the court may award punitive damages. 11 USC § 362(k).

A violation of the automatic stay is willful if the defendant knew of the automatic stay and defendant's acts were intentional. It need not be shown that defendant knew its acts constituted a violation of the stay: "Once a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay." In re Campion (9th Cir. BAP 2003) 294 BR 313, 318; In re Bloom (9th Cir. 1989) 875 F.2d 224, 227. Knowledge of the stay may be inferred from knowledge of the petition. Where a creditor knew the debtor had filed for bankruptcy, the creditor's violation of the stay is properly characterized as willful despite absence of affirmative knowledge of the stay. In re Reed (BC D UT 1981) 11 BR 258, 275.

Any act taken by a creditor designed to collect a discharged debt is a violation if it amounts to pressure on the debtor to pay. In re Joens, 03-02077, 2004 WL 22839822 (Bankr. N.D. Iowa Nov. 21, 2003) (citing In re Draper, 237 B.R. 502, 505 (Bankr. M.D. Fla. 1999)).

In this case, CYNTHIA MENDEZ has repeatedly contacted and harassed Debtors, has threatened to lock Debtors out, has sued Debtors, has changed utilities on Debtors, and has continued communicating with Debtors despite correspondence from counsel undersigned advising her that she is violating the automatic stay and further advising her to seek the advice of bankruptcy counsel. These violations are willful and intentional and constitute flagrant violations of the automatic stay.

## SANCTIONS SHOULD BE AWARDED.

There are two different grounds for imposing sanctions for the violation of §362(a). First, §362(k) provides a separate statutory basis for imposing sanctions in appropriate cases. Second, §362 operates as an injunction against creditors and a violation is punishable as contempt of court.

A. <u>Damages for Violation of §362(k)</u>:

Section 362(k) expressly states that recoverable actual damages includes costs and attorney's fees. Emotional distress damages are awardable as actual damages under §362(k). In appropriate circumstances, the Court may also award punitive damages to an individual

4

injured by a willful violation of the stay.

The flagrant and willful violations by CYNTHIA MENDEZ, including threatening to change locks, suing Debtors, changing utilities, and continued harassing activities are substantial. Debtors have incurred attorney's fees for having to email and write CYNTHIA MENDEZ, to file notice of bankruptcy in Justice Court, and to file this motion and a motion to expedite the matter. Additionally, there will be ongoing attorney's fees for reply and for attending a hearing on this matter. It is estimated that attorney's fees will approximate $1,000.

The 9th Circuit has also recognized that violations by creditors of the bankruptcy protections offered to debtors inflict emotional distress on debtors. In re Dawson, 390 F.3d 1139, 1148 (9th Cir. 2004) (concluding "that harm done to those non-financial interests by a violation [of the Bankruptcy Code] are cognizable as actual damages.") Despite there being an automatic stay, CYNTHIA MENDEZ continues on her path of collection without having first lifted the automatic stay with the Bankruptcy Court. Debtors have suffered emotional distress damages at the hand of Respondent. For purposes of this motion, Debtors are seeking $1,500 for emotional distress.

In addition, due to CYNTHIA MENDEZ' ongoing conduct, Debtors contend it is reasonable and necessary for this Court to award punitive damages against her in the amount of $5,000. Despite repeated admonitions to stop collection efforts until relief from the stay was obtained, CYNTHIA MENDEZ still continues to flagrantly violate the automatic stay.

B. Contempt

A Bankruptcy Court may award damages for violations of the automatic stay under the Court's contempt power. In re Just Brakes, 108 F.3d 881, 885 (8th Cir. 1997); see also In re Calstar, 159 B.R. 247 (Bankr. D.Minn. 1993); In re Del Mission Ltd., 98 F.3d 1147, 1152 (9th Cir. 1996). Such an award is supported by §105, which authorizes a Bankruptcy Court issue "any order...that is necessary or appropriate to carry out the provisions of this title." Id. "Section 105(a) is a clear delegation of authority from Congress to punish creditors that violate the automatic stay...[s]ection 105 exists as a source of power for Bankruptcy Judges to

5

Case 4:19-bk-08274-SHG    Doc 19    Filed 07/22/19    Entered 07/22/19 17:53:35    Desc
Main Document    Page 5 of 7

enforce the Bankruptcy Code." In re Calstar, 159 B.R. at 260.

Damages are a recognized sanction for contempt. See, e.g., Costa v. Welch (in re Costa), 172 b.R. 954, 963 (Bankr. E.D.Cal. 1994). The purpose of sanctions for civil contempt is to compensate the opposing party for the injuries which arise from the contempt. Computer Communications, Inc. v. Codex Corp. (In re: Computer Communications, Inc.), 824 F.2d 725, 731 (9th Cir. 1987); Crystal Palace Gambling Hall, Inc. v. Mark Twain Indus., Inc. (In re: Crystal Palace Gambling Hall, Inc.), 817 F.2d 1361, 1366 (9th Cir. 19887). Such an award is limited to the actual loss sustained. Crystal Palace, 817 F.2d at 1366. Actual damages are broadly construed to embrace consequential damages and including attorneys' fees incurred in the civil contempt proceeding. Superior Propane v. Zaratun (In re Zartun), 30 B.R. 543, 546 (9th Cir. BAP 1983); Jane P. Mallor, Punitive Attorneys' Fees for Abuse of the Judicial System, 61 N.C. L.Rev. 613, 620-21 (1983).

CYNTHIA MENDEZ knowingly and intentionally failed to abide by the automatic stay imposed by §362. She has not sought relief from the automatic stay and her actions in continuing to pursue Debtors are contemptuous. A finding of contempt is well within the discretion of the Court. Debtors have incurred actual damages as a result of her conduct. They have incurred attorney's fees in bringing the instant motion. They have also experienced emotional distress for her flagrant stay violations.

## CONCLUSION

For the reasons set forth above, Debtors respectfully request this Court find that CYNTHIA MENDEZ has violated the automatic stay and to compensate Debtors for their costs, reasonable attorney's fees, actual damages, and for punitive damages for Respondents' repeated, willful violation as follows:

1. Attorney's fees for the handling of these matters in the amount of $1,000;
2. Compensatory damages (emotional distress) in the amount of $1,500.
3. Punitive damages in the amount of $5,000;
4. Any further relief as the Court may deem appropriate.

//

6

RESPECTFULLY SUBMITTED this 22nd day of July, 2019.

LAW OFFICE OF KATHRYN L. JOHNSON, PLC

By: /s/ Kathryn Johnson Finn
Kathryn Johnson Finn
Attorney for Debtors/Movants

Copy of the foregoing emailed on
this 22nd day of July, 2019 to

cynthiamdz@icloud.com
cynthiamdz@aol.com

and mailed this 22nd day of July, 2019 to:

Cynthia Mendez
4702 S. 15th Avenue
Tucson, AZ 85706

Cynthia Mendez
2317 E. Alaska Street
Tucson, AZ 85706

Trudy Nowak
Chapter 7 Trustee
2001 E. Campbell Avenue, Suite 201
Phoenix, AZ 85016

/s/ Kathryn Johnson Finn